EASY TERM LOAN COMPANY, A CORPORATION, APPEL-
LANT, v. JOSEPH F. SILBERMAN, NATHAN KAPNEK
AND DAVID BIEBELBERG, RESPONDENTS.

Submitted March 20, 1924—Decided August 14, 1924.

1. Plaintiff, who was licensed to do business under the provisions
   of chapter 49 of the laws of 1914, regulating the making of loans
   in sums of $300, or less, brought two suits in the District Court,
   each upon a promissory note of $300. At the trial of one of
   the suits, testimony was admitted which tended to show that one
   of the defendants borrowed $600 from the plaintiff, and in order
   to circumvent the statute (which prohibits a loan for more than
   $300), it was agreed that the loan made should be represented
   by two distinct loan notes of $300 each. *Held,* that the testi-
   mony was properly admitted, as tending to show fraud or il-
   legality in the contract between the parties, and thus coming
   within the exception to the general rule that parol testimony
   is inadmissible to vary or alter the terms of a written contract.
2. Where, in a trial before a District Court judge, without a jury,
   a disputed question of fact was presented and decided by the
   trial judge, his finding on such facts is not reviewable.

On appeal from the First District Court of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *William Greenfield.*

For the respondents, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

KALISCH, J.  The plaintiff, a corporation, brought two
separate actions upon two promissory notes of $300 each
against the defendant in the court below. The notes were
of even date and of the tenor following:

"Loan No. 110.                License No. 94.
"$300.00            Newark, N. J.  March 13, 1922.

"On demand after date I promise to pay to the order of Easy Term Loan Company, three hundred dollars in weekly payments of twelve dollars per week, with interest at the rate of 3 0/0 per month, at the office of the Easy Term Loan Company, 22 Belmont avenue, Newark, N. J.

"In default of any payment of the principal or interest, or both, the total sum then due with the interest thereon shall immediately become due and payable, at the option of the Easy Term Loan Company.

"DAVE BIEBELBERG.

"Endorsed JOSEPH F. SILBERMAN,
NATHAN KAPNEK."

The other note, No. 111, was signed by Joseph Silberman and endorsed by Nathan Kapnek and David Biebelberg.

The cause to recover on loan note 110 was tried before the court, without a jury, and the stated case consisted of the certified transcript of the testimony taken and of the rulings of the court, at the trial, and it discloses that a motion on behalf of the plaintiff to overrule the defense and to give judgment for the plaintiff against the defendants was denied by the court, and that an exception was taken and that judgment was rendered by the court for the defendants.

The case on loan note No. 111 was not tried, and by stipulation of counsel was to abide the result of the present case now before us on plaintiff's appeal from the judgment given against it on loan note No. 110.

The plaintiff company was licensed to do business under an act entitled "An act to define, regulate and control the business of the making loans or advancements of money in sums of three hundred ($300) dollars or less in amount, and to regulate the assignment of wages when given as security for any such loan or advancement." *Pamph. L.* 1914, *p.* 75; *Supp. Comp. Stat.* 1910, 1915, *p.* 42.

By section 5 of the act, page 79, it is provided that no loan or advancement greater than $300 shall be made to any person, nor shall any one person owe such licensee more than $300 at any time.

Section 6 provides, *inter alia,* that the violation of any of the provisions of the act shall be a misdemeanor, and that every loan in connection with which such violation shall have occurred shall be absolutely null and void, and the borrower shall be entitled to recover from the lender any or all sums of money paid or returned on account of, or in connection with, such loan.

There was testimony in the case which tended to show that Kapnek borrowed $600 of the plaintiff, and in order to circumvent the statute and thus commit a fraud upon it, it was agreed between the parties that the loan of $600, made by the plaintiff to defendant Kapnek, should be represented by two distinct loan notes of $300 each, one to be signed by Biebelberg and the other by Silberman, Kapnek to be an endorser upon each. The plaintiff denied that Kapnek was the borrower, and that there was any such agreement as testified to on behalf of the plaintiff. A disputed question of fact was presented, which was decided by the trial judge adversely to plaintiff, and his finding on the facts is not reviewable.

The principal point made and relied on in the brief of counsel of appellant for a reversal of the judgment is that the court erroneously permitted the defendants to introduce parol testimony to "vary and alter a written document upon which the suit was based."

The defense set up against the plaintiff's right of recovery was fraud and illegality in the transaction. That fraud and illegality in a contract may be established by parol testimony is too firmly established to need the citation of any authorities in support of the proposition. The cases cited on appellant's brief do not assert the contrary. Fraud or illegality in the contract is an exception to the general rule that parol testimony is inadmissible to vary or alter the terms of a written contract. *Denyse et al. ads. John S. Crawford,* 18 *N. J. L.* 325; *Wooden* v. *Shotwell,* 23 *Id.* 465, 471; *S. C. (Court of Errors and Appeals),* 24 *Id.* 789; *Chaddock* v. *Van Ness,* 35 *Id.* 517; *Naumberg* v. *Young,* 44 *Id.* 331, 335.

In the light of the cases cited, the testimony, impugned by appellant's counsel as incompetent, was clearly competent and properly received, for it tended to establish that the transaction between the plaintiff and defendants was an attempt to circumvent the express mandate of the statute, that no loan for more than $300 shall be made to any person, nor shall any one person owe the lender more than that amount at any one time, and, hence, was a violation of and a fraud upon the statute, and that the loan notes of $300 each were the direct product of such fraudulent design.

The judgment is affirmed, with costs.