PASSAIC DISTRICT COURT.

HERMAN STADTMAUER, PLAINTIFF, v. JEFFERSON
FINANCE CORPORATION, DEFENDANT.

JEFFERSON FINANCE CORPORATION, PLAINTIFF, v.
DAVID M. GREEN, BEN STADTMAUER AND ABE STADT-
MAUER, DEFENDANTS.

For the Jefferson Finance Corporation, *Irving L. Werksman*.

For Herman Stadtmauer et al., *Joseph B. Stadtmauer*.

PERRETTI, J.  Plaintiff, Herman Stadtmauer, seeks to recover from the defendant, Jefferson Finance Corporation, the sum of $234.55, alleging that the defendant company violated provisions of the "small loan statute. *Pamph. L.* 1914, *ch.* 49, and as amended by *Pamph. L.* 1928, *ch.* 251."

Defendant, Jefferson Finance Corporation, on the other hand, asks for judgment against the defendants David M. Green, Ben Stadtmauer and Abe Stadtmauer, by reason of a loan obtained by them on February 14th, 1930, on which note counsel concedes there is a balance due and unpaid of $281.64.

By agreement, counsel agreed to try both cases together, and the evidence adduced to apply to each cause of action.

After a careful perusal of the voluminous briefs filed with me, I am unable to find as a fact that there have been any violations of any of the sections upon which the borrower relies to nullify the loan made by him.  Section 5, chapter 49,

of the laws of 1914, and as amended by chapter 251 of the laws of 1928, provides as follows:

"5. No such licensee shall charge or receive of the borrower or borrowers, or any other person on his, her or their behalf, a greater rate of interest than three per centum per month. Such interest shall not be payable in advance and shall be computed on unpaid balances. No charges, bonus, fees, expense or demands of any nature whatsoever other than interest as above provided shall be made upon such loans or advancements except upon such actual foreclosure of the security or upon the entry of judgment. Every such licensee shall furnish the borrower at the time the loan is made a statement in the English language showing in clear and distinct terms the amount of the loan, and the date when loaned and when due, the person to whom the loan is made, the name of the lender, and the amount and rate of interest charged. On the back of such statement there shall be printed in English a copy of section 5 of this act. The lender shall give to the borrower a plain and complete receipt for all payments made on account of the loan at the time such payments are made. No loan or advancement greater than three hundred (300) dollars shall be made to any person under this act nor shall any one person owe such licensee more than three hundred (300) dollars at any time either directly as maker or indirectly as endorser or guarantor."

Recently, the Supreme Court dealt with these particular sections in the case of John R. Sartori et al. v. Englewood Finance Co., decided January 21st, 1931, and compared section 5 of the act of 1914 as amended by chapter 251 of the laws of 1928, and then said this amendment merely added the words "either directly as maker or indirectly as endorser or guarantor." In other respects the language is identical with that of the original act of 1914. The trial court held that the balance of the original section 5 was in substantial compliance with the provisions of the act which was sufficient.

I am bound to accept the view of the higher tribunal rather than the decisions heretofore rendered by the respective District Court judges cited in counsels' briefs.

Disposing of this feature of the case, I find as a fact that the first loan was paid and satisfied on February 14th, 1930, and the second loan was made thereafter, so that at no time did two loans exist or any sum in excess of $300 from any of the borrowers. I am constrained to find for the Jefferson Finance Corporation where it is defendant and in its favor where it is plaintiff.

Cases that touch upon the subject involving the "Small Loan act (*Pamph. L.* 1914, *p.* 75)" and which I have considered and read are as follows: *Easy Term Loan Co.* v. *Silberman*, 125 *Atl. Rep.* 561; *Consolidated Plan of New Jersey* v. *Shanholtz*, 147 *Id.* 401; *Confidential Finance Co.* v. *Monastersky*, 148 *Id.* 183; *Rosenbusch* v. *Fry*, 136 *Id.* 711; *Morris Plan Corporation of New Jersey* v. *Schwartz*, 150 *Id.* 390, and *North Hudson Loan Co.* v. *Roth*, 136 *Id.* 712.

I was by no means impressed with the testimony of the plaintiff Herman Stadtmauer. It was quite apparent to me that he was not free or frank about his statements. He was quite unwilling to assist the court in presenting the true status and did not create a favorable impression.

Judgment will, therefore, be entered in favor of Jefferson Finance Corporation and against David M. Green, Ben Stadtmauer and Abe Stadtmauer, in the sum of $281.64, together with interest amounting to $83.73, aggregating the sum of $365.37.